

**U.S. Department of Justice**

*United States Attorney's Office
District of New Jersey*

---

ROBERT FRAZER
United States Attorney

JASON M. RICHARDSON
Assistant U.S. Attorney

JMR/Plea AGR
2024R00923

101 Market Street, 1st floor
Camden New Jersey 08101

856-757-5026

April 29, 2026

Jerome A. Ballarotto, Esq.
143 White Horse Avenue
Trenton, New Jersey 08610

*CR. 26-318(RMB)*

Re:    Plea Agreement with Nicholas Cabral

Dear Mr. Ballarotto:

This letter sets forth the plea agreement between your client, Nicholas Cabral, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **May 15, 2026**, if it is not accepted in writing by that date. If Nicholas Cabral does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Nicholas Cabral to a three-Count Information, which charges Nicholas Cabral in Count 1 with bank fraud, in violation of 18 U.S.C. § 1344, in Count 2 with Seals of Court, in violation of 18 U.S.C. § 505, and in Count 3 with impersonator making a search, in violation of 18 U.S.C. § 913. If Nicholas Cabral enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Nicholas Cabral for mailing false and fraudulent Orders of the United States District Court for the District of New Jersey, which purportedly were signed by a federal judge; mailing false and fraudulent military orders, which purportedly were issued by the Department of the Army and Department of the Navy; committing aggravated identity theft between February 2021 and on or about September 20, 2024; and impersonating an Inspector with the Federal Protective Services between in or about November 2025 and in or about December 2025. Nicholas Cabral agrees that uncharged or dismissed counts, if provable by a preponderance of the evidence, should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Nicholas Cabral even if the applicable statute of limitations period for those charges expires after Nicholas Cabral signs this agreement, and Nicholas Cabral agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

### Count 1

The violation of 18 U.S.C. § 1344 to which Nicholas Cabral agrees to plead guilty in <u>Count 1</u> of the Information carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 2

The violation of 18 U.S.C. § 505 to which Nicholas Cabral agrees to plead guilty in <u>Count 2</u> of the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 3

The violation of 18 U.S.C. § 913 to which Nicholas Cabral agrees to plead guilty in <u>Count 3</u> of the Information carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on <u>Counts 1, 2 and 3</u> may run consecutively to each other or to any prison sentence Nicholas Cabral is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Nicholas Cabral is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the

- 2 -

statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Nicholas Cabral ultimately will receive.

Further, in addition to imposing any other penalty on Nicholas Cabral, the sentencing judge as part of the sentence:

(1)    will order Nicholas Cabral to pay an assessment of $100 per count, totaling $300, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    must order Nicholas Cabral to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)    may order Nicholas Cabral, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)    must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and 18 U.S.C. § 982; and

(5)    pursuant to 18 U.S.C. § 3583, may require Nicholas Cabral to serve a term of supervised release of not more than 5 years on Count 1, not more than 3 years on Count 2 and not more than 1 year on Count 3 which will begin at the expiration of any term of imprisonment imposed. Should Nicholas Cabral be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Nicholas Cabral may be sentenced to not more than 3 years' imprisonment on Count 1, not more than 2 years' imprisonment on Count 2 and not more than 1 year on Count 3, which could be ordered to be served consecutively, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Nicholas Cabral agrees to pay full restitution to the victim of the offenses charged in the Information in an amount that fully compensates each victim for the losses sustained as result of these offenses.  Nicholas Cabral also agrees to pay full restitution, regardless of the resulting loss amount, to victims directly or indirectly harmed by the Nicholas Cabral's "relevant conduct," including conduct pertaining to

any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. § 3663A. Nicholas Cabral understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw Nicholas Cabral's guilty plea.

Forfeiture

As part of his acceptance of responsibility, Nicholas Cabral agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and 18 U.S.C. § 982, the following: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information. Nicholas Cabral consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to Nicholas Cabral prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Nicholas Cabral further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas, and Nicholas Cabral agrees to cooperate with this discovery.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Nicholas Cabral's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Nicholas Cabral waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Nicholas Cabral understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Nicholas Cabral waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Nicholas Cabral's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Nicholas Cabral further understands that the Government may require Nicholas Cabral to complete a Financial Disclosure Statement. Nicholas Cabral agrees that if the Government requests one, Nicholas Cabral is required to accurately complete it within 14 days of the Government's request. If the Government requests one but Nicholas Cabral fails to timely provide a complete and accurate Financial Disclosure Statement, or if the Government determines that Nicholas Cabral has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Nicholas Cabral by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Nicholas Cabral's activities and relevant conduct with respect to this case.

Stipulations

This Office and Nicholas Cabral will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a

particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Nicholas Cabral waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Nicholas Cabral understands that, if Nicholas Cabral is not a citizen of the United States, Nicholas Cabral's guilty plea to the charged offenses will likely result in Nicholas Cabral being subject to immigration proceedings and removed from the United States by making Nicholas Cabral deportable, excludable, or inadmissible, or ending Nicholas Cabral's naturalization. Nicholas Cabral understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Nicholas Cabral wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Nicholas Cabral's removal from the United States. Nicholas Cabral understands that Nicholas Cabral is bound by this guilty plea regardless of any immigration consequences. Accordingly, Nicholas Cabral waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Nicholas Cabral also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Nicholas Cabral. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Nicholas Cabral from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Nicholas Cabral and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

By:

JASON M. RICHARDSON
Assistant U.S. Attorney

APPROVED:

SARA ALIABADI
Deputy Attorney-in-Charge, Camden Office

- 7 -

I have received this letter from my attorney, Jerome A. Ballarotto, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


Date: 5-6-26

NICHOLAS CABRAL


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


Date: 5/6/26

JEROME A. BALLAROTTO, Esq.
Counsel for Defendant

- 8 -

Plea Agreement With Nicholas Cabral

Schedule A

1.    This Office and Nicholas Cabral agree to stipulate to the following facts:

a.    Nicholas Cabral mailed false and fraudulent Court Orders, each of which purportedly to be issued on the United States District Court for the District of New Jersey stationary and which contained the forged and false signature of a judge, and military orders, to financial institutions so that Nicholas Cabral would not have to pay certain fees, interest or payments;

b.    Based on Nicholas Cabral's false and fraudulent Court Orders and military orders, one or more of the financial institutions suffered a loss.

c.    While impersonating a federal law enforcement officer, Nicholas Cabral conducted a search of a privately-owned house.

d.    As of the date of this letter, Nicholas Cabral has clearly demonstrated a recognition and affirmative acceptance of responsibility for the offenses charged.

e.    As of the date of this letter, Nicholas Cabral has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently.

2.    If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

- 9 -